UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-14055-CV-CANNON/MCCABE

JOHNNY HARRIS,

    Plaintiff,

v.

WASTE PRO OF FLORIDA, INC.,

    Defendant.

_____/

**REPORT & RECOMMENDATION ON PLAINTIFF'S
MOTION TO DETERMINE FEE AMOUNT (DE 25)**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Determine Fee Amount ("Motion"), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 19, DE 25). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the Motion (DE 25) be **GRANTED IN PART and DENIED IN PART.**

**I.    BACKGROUND**

Plaintiff filed this Fair Labor Standards Act ("FLSA") case following the decertification of a collective action in which he was an opt-in plaintiff. *See Wright v. Waste Pro USA, Inc.*, No. 0:19-CV-62051-KMM, 2022 WL 377869, at *9 (S.D. Fla. Jan. 11, 2022) (granting decertification and dismissing claims of all opt-in plaintiffs without prejudice). The parties successfully resolved all claims, other than attorneys' fees and costs, at a May 17, 2022 settlement conference (DE 14). This Motion followed, seeking an award of attorneys' fees (DE 25).

**II.    LEGAL STANDARD**

The FLSA allows reasonable attorneys' fees and costs to a prevailing plaintiff. *See* 29 U.S.C. § 216(b). A reasonable attorneys' fee award is "properly calculated by multiplying the

number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (cleaned up).  This number, often referred to as the "lodestar," carries a strong presumption of reasonableness, but may be adjusted by the court.  *Id.* at 427 (cleaned up); *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).  The fee applicant must demonstrate reasonableness, which includes "supplying the court with specific and detailed evidence."  *Norman v. Housing Auth. of City of Montgomery*, 836 F. 2d 1292, 1303 (11th Cir. 1988).  In addition, a court may use its own experience in assessing the reasonableness of attorneys' fees.  *Id.*

### III.   DISCUSSION

Plaintiff seeks a total attorneys' fee award of $11,862.50 (DE 25 ¶ 4).  This sum includes $3,862.50 for time incurred in this action and $8,000 for time incurred in the *Wright* collective action (DE 25 at 11-12, 24).  The Court will address each separately.

####    A.    Attorneys' Fees in this Case

#####       1.    *Reasonable Hourly Rates*

As to the instant case, Plaintiff requests $3,862.50, representing 7.5 hours billed by five timekeepers who work for Morgan & Morgan, P.A. ("Morgan & Morgan").  Plaintiff seeks the following rates for each timekeeper:

1. Lead Counsel, C. Ryan Morgan, a 17-year attorney seeking $650 per hour
2. Paul Botros, a 19-year attorney seeking $650 per hour
3. Pausha Taghdiri, a 5-year attorney who has been in civil practice for 15 months, seeking $400 per hour
4. Clare Tacher, a paralegal seeking $225 per hour
5. Vanessa Fish, a paralegal seeking $225 per hour

(DE 25-2 ¶¶ 4, 14, 16, 17; DE 25-7 ¶¶ 10-12; DE 25-8).

Attorneys Morgan and Botros are senior level attorneys at Morgan & Morgan (DE 25-2, DE 25-7 ¶ 2).  Morgan is an equity partner who chairs the firm's Employee Rights Group (DE 25-

2 ¶ 2). Morgan and Botros have substantial experience litigating FLSA cases and class and collective actions in the wage and hour arena (DE 25-2 ¶ 5, DE 25-7 ¶ 4). Taghdiri has worked for Morgan & Morgan for approximately fifteen months and has been an attorney for five years (DE 25-2 ¶ 17). Prior to joining Morgan & Morgan, Taghdiri worked as a prosecutor in Orange County, Florida (DE 25-2 ¶ 17). Paralegals Tacher and Fish have sixteen and seventeen years of paralegal experience, respectively (DE 25-7 ¶¶ 11-12).

The Court finds an hourly rate of $400 per hour to be reasonable for attorneys Morgan and Botros. *See Jackson v. Waste Pro of Florida, Inc.*, No. 0:22-cv-60330-RAR, DE 46 at 8-9, DE 48 (S.D. Fla.) (approving these rates for attorneys Morgan and Botros in related case); *Ranieri v. Premier Fire Alarms & Integration Sys., Inc.*, No. 19-CV-60229, 2022 WL 3044769, at *3 (S.D. Fla. July 15, 2022), *R & R adopted*, 2022 WL 3042249 (S.D. Fla. Aug. 2, 2022) (reducing the requested rate of $600 per hour to $400 per hour in a FLSA case and collecting cases reducing rates to under $400 per hour); *see also Echavarria v. Am. Valet Parking*, No. 14-80770-CIV, 2015 WL 12746113, at *2 (S.D. Fla. July 1, 2015) ($375 has been considered to be "at the high end of the range of rates charged in" this district for FLSA attorneys).

The Court finds an hourly rate of $275 per hour to be reasonable for attorney Taghdiri. *See Jackson*, No. 0:22-cv-60330-RAR, DE 46 at 8-9, DE 48 (approving this rate for attorney Taghdiri in related case); *cf. Moragomez v. Seasins LLC*, No. 20-22390-CIV, 2020 WL 6828945, at *6 (S.D. Fla. Oct. 30, 2020), *R & R adopted*, 2020 WL 6828946 (S.D. Fla. Nov. 20, 2020) (approving requested rate of $225 for associates with 1-2 years of experience); *Nobles v. Electroduct, Inc.*, No. 20-60899-CIV, 2020 WL 7211695, at *2 (S.D. Fla. Oct. 13, 2020), *R & R adopted,* 2020 WL 7187771 (S.D. Fla. Dec. 7, 2020) (same).

The Court finds an hourly rate of $150 per hour to be reasonable for paralegals Tacher and Fish. *See Mila v. Big Steve's Deli, LLC*, No. 20-60367-CIV, 2020 WL 9460230, at *2 (S.D. Fla.

3

July 15, 2020), *R & R adopted*, 2020 WL 9460219 (S.D. Fla. Aug. 3, 2020) (finding $150 per hour for an experienced paralegal in the range of rates charged in this district). The Court notes this is the same rate at which Defendant's counsel's own paralegal bills (DE 30-8 ¶ 4).

### 2. *Reasonable Hours Spent*

Plaintiff's counsel billed 7.5 hours in the instant case from January 2022 to June 2022 (DE 25-8). The Court finds these hours reasonable and not excessive. The Court has considered, but finds unpersuasive, Defendant's arguments regarding clerical work and duplication of effort in the time records. Courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id.*

### 3. *Reasonable Lodestar*

Having determined the reasonable rates for each timekeeper and the reasonable amount of time incurred, the Court calculates the lodestar as follows:

1. Attorney Morgan: $400 per hour for 1.3 hours worked ($520)
2. Attorney Botros: $400 per hour for 4.1 hours worked ($1,640)
3. Attorney Taghdiri: $275 per hour for 0.6 hours worked ($165)
4. Paralegal Tacher: $150 per hour for 0.3 hours worked ($45)
5. Paralegal Fish: $150 per hour for 1.2 hours worked ($180)

This yields a total attorneys' fee lodestar of $2,550. The Court has considered the applicable *Johnson*[1] factors and finds this lodestar to be reasonable.

---

[1] These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 719 (5th Cir.1974).

The lodestar is presumed reasonable, but "can be adjusted upward or downward based on other considerations, including the results obtained by the attorneys for their client." *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913 (11th Cir. 2018). Here, Defendant argues the lodestar should be reduced by 40% percent due to counsel's overall "lack of success" in the case (DE 30 at 15-16). The Court declines to do so. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 n.11 (1983) (It "is [not] necessarily significant that a prevailing plaintiff did not receive all the relief requested."). Rather, the Court finds the lodestar to be reasonable and recommends Plaintiff be awarded $2,550 in attorneys' fees.

### B.      Attorneys' Fees in *Wright*

Plaintiff next seeks $8,000 in attorneys' fees from the decertified *Wright* action. Plaintiff arrives at this $8,000 figure by roughly dividing his proposed $762,165[2] lodestar from *Wright* by ninety-six, which is the number of remaining spin-off plaintiffs pursuing individual claims.[3] Plaintiff argues the time expended by his counsel in *Wright* benefitted his individual case and should therefore be recovered (DE 25 at 6-11). The Court disagrees for two reasons.

#### 1.      Local Rule 7.3

First, Federal Rule of Civil Procedure 54(d) and Local Rule 7.3 govern the procedure for moving for an award of attorneys' fees in this district. "Local Rule 7.3's requirements are mandatory, not optional." *AHE Realty Assoc., LLC v. Miami-Dade Cnty., Florida*, No. 18-CV-20177-KMM, 2019 WL 11646329, at *7 (S.D. Fla. Feb. 14, 2019), *R & R adopted*, 2019 WL

---

[2] Defendant's response states that Plaintiff's proposed lodestar is $753,065 (DE 30 at 16). However, Plaintiff's Motion and reply both state that the proposed lodestar is $762,165 (DE 25 at 11; DE 34 at 5, n. 3).

[3] Plaintiff asserts that 107 *Wright* plaintiffs filed individual claims following decertification (DE 25 at 11). Out of those plaintiffs, ninety-six remain active as eleven cases were dismissed (DE 25 at 11). Plaintiff asserts that his counsel does not anticipate filing any more *Wright* decertified claims (DE 25 at 11, n. 5)

11641304 (S.D. Fla. Mar. 23, 2019). Among other requirements, Local Rule 7.3(b) requires fee applicants to serve a draft fee motion on the opposing party at least 30 days before the deadline to file such motion. Local Rule 7.3(b) then describes specific conferral steps that must be satisfied before a final motion can be filed. Local Rule 7.3(a) also requires fees motions to be verified.

Here, Plaintiff's Motion is not verified, and he concedes the mandatory Local Rule 7.3(b) conferral did not take place (DE 23, DE 30-10-12, DE 34 at 2-5). A movant's "noncompliance with Local Rule 7.3 is sufficient reason to deny" a motion for fees. *Koppelman v. Galt Olcean Manor Condo. Ass'n, Inc.*, No. 16-CV-62175, 2017 WL 7411025, at *3 (S.D. Fla. Dec. 1, 2017), *R & R adopted*, 2017 WL 7411184 (S.D. Fla. Dec. 21, 2017) (cleaned up); *see also J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 Fed. Appx. 930, 933 (11th Cir. 2014) ("Because the district court held that [movant] failed to comply with Local Rule 7.3, which constituted an independently sufficient basis to deny [movant's] motions, we affirm."). Although Plaintiff suggests any effort to confer would have been futile, "there is no exception in the Local Rules for futility." *Norych v. Admiral Ins. Co.*, No. 08-60330-CIV, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010) (denying motion for attorney's fees "because [movant] failed to comply with Local Rules 7.3(a)(1) and 7.3(b)").

In the related case of *Jackson*, No. 0:22-cv-60330-RAR, DE 46, Plaintiff's counsel likewise submitted a fee motion that failed to comply with Local Rule 7.3. The undersigned agrees with the reasoning in *Jackson* that "disallowing all fees sought" would be "too harsh of a remedy" for failure to comply with the local rules. *Id.* at 11. As in *Jackson*, therefore, this Court will disallow the $8,000 in fees claimed in the *Wright* case, but allow recovery of the $2,550 (discussed above) incurred in Plaintiff's own, separately filed case.

### *2.   Established Benefit*

Next, in addition to Local Rule 7.3, the Court disallows the *Wright* fees because Plaintiff has not made a specific showing as to how the fees incurred in the *Wright* case benefited his new, separately filed case. In *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009), *abrogated on other grounds, Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 162 (2016), the Sixth Circuit held that district courts may award attorneys' fees incurred in a previously filed, decertified collective action, so long as the plaintiff can demonstrate "a specific showing of benefit" to a later-filed, individual case. *Id.* at 577. Here, Plaintiff has not made any specific showing of benefit, so the claim fails for this reason as well.

### IV.   RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the Motion (DE 25) be **GRANTED IN PART and DENIED IN PART** and the District Court award Plaintiff attorneys' fees in the amount of **$2,550**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 19th day of October 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE